UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMY L. R.,

          Plaintiff,

   v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 2:24-cv-01892-GJL

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 9, 11. Having considered the administrative record (AR) and all memoranda, the Court concludes the Administrative Law Judge (ALJ) erred in finding Plaintiff not disabled. Accordingly, this matter is **REVERSED** and **REMANDED** for further administrative proceedings.

**I.    PROCEDURAL HISTORY**

Plaintiff's applications for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB) were denied initially and following reconsideration. AR 58–87.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

Plaintiff's requested hearing was held before the ALJ on September 20, 2023. AR 38–57. On January 25, 2024, the ALJ issued a written decision concluding Plaintiff was not disabled. AR 17–37. On September 13, 2024, the Appeals Council declined Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1–6. On November 25, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 4. Defendant filed the sealed AR in this matter on January 24, 2025. Dkt. 7.

## II.     BACKGROUND

Plaintiff was born in 1982 and was 32 years old on December 31, 2014, her alleged date of disability onset. AR 20, 31. Her date last insured (DLI), for purposes of her DIB eligibility, is December 31, 2014. AR 22. Plaintiff has at least a high school education. AR 31. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of posttraumatic stress disorder (PTSD), anxiety disorder, major depressive disorder, and polysubstance dependence. AR 22. However, the ALJ found Plaintiff was not disabled because she had the following Residual Functional Capacity (RFC):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: she should avoid moderate exposure to noise. She is limited to simple, routine, and repetitive tasks; no interaction with the general public; and occasional interaction with supervisors and coworkers. She is limited to work that is low stress in nature, defined as no work requiring a specific production rate or that requires hourly quotas, and only occasional changes in routine workplace settings.

AR 24.

## III.     DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In her opening brief, Plaintiff contends the ALJ failed to properly assess the medical opinions of Tasmyn Bowes, PsyD; Joel Mitchell, PhD; and Holly Petaja, PhD. *See* Dkt. 9.

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness by considering each opinion's supportability and consistency. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

**A.      Opinion of Dr. Bowes**

Consulting examiner Dr. Bowes completed an opinion in October 2018. AR 357–62. She opined Plaintiff had moderate limitations in work-related abilities, as well as marked limitations in performing activities within a schedule, maintaining regular attendance, and being punctual, as well as completing a normal workday and workweek without interruptions from psychologically based symptoms. AR 360.

The ALJ found Dr. Bowes' opinion unpersuasive by concluding it was:

> not fully supported as it is based on a one-time nontreatment exam, which contained many normal findings despite the claimant's lack of any medications or counseling [AR 349–71]. It is not consistent with the record. There is no indication that the claimant had any significant treatment preceding this evaluation. She was referred

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

for treatment afterwards, and this was ultimately successful at helping to alleviate her symptoms. The claimant improved significantly, was able to obtain her own housing and had greater stability in mood and sobriety. A longitudinal view of exam findings with treating providers was largely within normal limits as well [AR 372–473, 480–505, 556–618].

AR 30.

First, that the opinion was based on a single examination is not a valid reason to reject the opinion. The number of examinations can be considered to explain the nature of Dr. Bowes' relationship with the claimant, *see* 20 C.F.R. § 404.1520c(c)(3)(ii), a distinct factor from the supportability of her opinion, *see id.* § 404.1520c(c). The relationship factor may be a reason to prefer one opinion over another when the two are equally persuasive, *see id.* § 404.1520c(b)(3), and it otherwise may be a factor the ALJ considers. *See id.* at § 404.1520c(b)(2). However, this relationship is not one of the most important factors upon which the ALJ is required to make findings, and, by itself, does not support a rejection of the opinion under Commissioner's regulations. *See id.* Here, there was no opinion from a treating source or a source who examined Plaintiff more than once (*see* AR 29–30), so the relationship factor would not even provide an adequate basis to find a different opinion more persuasive than Dr. Bowes' opinion.

Second, although Dr. Bowes identified certain normal findings, she also observed noted several additional abnormal observations. *See* AR 359 (severe depression inventory score, moderate anxiety inventory score); 361 (avoidant/withdrawn, poor concentration). She listed certain abnormal symptoms (AR 359) and conducted a clinical interview (AR 357–39). *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interview is an "objective measure[]"). The ALJ erred by pointing only to the normal mental status examination results without making findings regarding the extent to which the abnormal findings in the examination support the opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ errs in "cherry-pick[ing]"

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

some findings without acknowledging contrary ones); *Alexander M. v. Commissioner of Social Security*, 2021 WL 3758145, at *3 (W.D. Wash. Aug. 25, 2021) (ALJ errs by failing to explain "why he considered the normal results more significant" than abnormal results supporting an opinion).

Third, the ALJ's findings with respect to Plaintiff's treatment history were not laid out "in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Defendant attempts to clarify by arguing that the ALJ was referring to Plaintiff's lack of alcohol, substance abuse treatment and subsequent period of sobriety (*see* Dkt. 11 at 10–11) instead of "faulting Plaintiff for not being engaged with treatment early in the period at issue" (*id.* at 12), suggesting the intended effect of the ALJ's finding was that Plaintiff's sobriety rendered her less limited than Dr. Bowes found. But to the extent that may have been the ALJ's intended conclusion, the ALJ was nevertheless required to make explicit findings about the extent to which her substance abuse was a contributing material factor to her other symptoms and limitations. *See* 20 C.F.R. §§ 404.1535, 416.935; *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

Finally, the ALJ's statement that exam findings were "within normal limits" is similarly deficient. No explanation was provided as to which examination findings were relevant to the opinion. *See* AR 30. True, the ALJ described many other examination results throughout the opinion. *See* AR 25–28. But the ALJ failed to explain how such examinations results were inconsistent with Dr. Bowes' marked limitations in attendance, punctuality, and getting through a workday without psychological interruptions.

Thus, the ALJ erred by failing to provide proper reasons for rejecting Dr. Bowes' opinion. As Defendant does not contend such error would be harmless, the Court reverses. *See*

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

1  Dkt. 11; *Ferguson v. O'Malley*, 95 F.4th 1195, 1204 (9th Cir. 2024) ("The Commissioner does
2  not contend that the ALJ's error was harmless. Consequently, we reverse the judgment …").

3  **B.      Remaining Issues and Remedy**

4        The ALJ also erred by failing to provide any reasons for rejecting the opinion of Dr.
5  Petaja. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Such an error may have been harmless,
6  since Dr. Petaja's opinion was identical to that of Dr. Bowes and was based only on her review
7  of the opinions of Dr. Bowes and Curtis Greenfield, PsyD. *See* AR 354–55; *Molina v. Astrue*,
8  674 F.3d 1104, 1119 (9th Cir. 2012) (exclusion of cumulative evidence often harmless). But
9  having found reversible error in the discussion of Dr. Bowes' opinion, the Court declines to
10 evaluate whether the error was harmless. The Court also declines to consider whether the ALJ
11 properly considered Dr. Mitchell's opinion.

12       Plaintiff contends the case should be remanded for an award of benefits. Dkt. 9 at 17.
13 Such a remedy is only appropriate where it is clear from the record that the ALJ would be
14 required to find the claimant disabled if the improperly discredited evidence were accepted as
15 true. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). That is not the case here,
16 as there are conflicting medical opinions in the record. *See* AR 29–30; 20 C.F.R. § 416.920c(a)
17 (new regulations do not require ALJ to defer or give weight to treating or examining physicians);
18 *Woods*, 32 F.4th at 791 (recognizing that the revised regulations stemmed, in part, from
19 disagreement with Ninth Circuit practice of crediting-as-true treating and examining physicians'
20 opinions and consequently awarding benefits based on the presumptive weight given to those
21 opinions). There also remain ambiguities over the extent to which Plaintiff's substance abuse
22 was a contributing factor to her symptoms during the relevant period, requiring remand. *See*
23 *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

24

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 24th day of April, 2025.

Grady J. Leupold
United States Magistrate Judge